Casey, Ch. J.,
delivered the opinion of the court:
The claimant for several years prior to the rebellion resided and was engaged in the mercantile business in the town of Eome, in the State of Georgia. He was of German birth, but a naturalized citizen of the United States. He claims under the act of March 12,1863, the net proceeds of one hundred and eighty-two bales of upland cotton, which he alleges he owned, and the United States seized and sold, and the proceeds of *437 wbicbi are in tbe Treasury of tbe United States. Tbe proof clearly establishes these facts:
1st. That as early as May, 1862, the claimant was tbe bona fide owner of one hundred and eighty-two bales of upland cotton, which had been stored in the town of Borne, but which, for greater safety, was removed to Beall’s Landing, on the Osto-naula Biver, and there stored.
2d. That the cotton remained there safely until the latter end of May or beginning of June, 1864, when it was taken by officers in the military service of the United States, and was shipped to the quartermaster of the department at Nashville, and by whom one hundred and eighty bales of it were turned over to the special agent of the Treasury Department at Cincinnati, Ohio; and this agent caused the same to be sold and the net proceeds to be paid into the United States Treasury, amounting to the sum of one hundred and nine thousand seven hundred and seventy-one dollars and twenty cents, ($109,771 20.)
3d. The proof is full and clear, and to our satisfaction, that the claimant did during the late rebellion consistently adhere to the United States, and did give no aid or comfort to persons engaged in said rebellion.
4th. That the petition in this case, preferring the claim to this court, was filed on the 14th day of October, A. D. 1867.
No question arises in this case that has not already been fully and elaborately discussed in other cases. We therefore deem it only necessary to state the ultimate facts and our conclusion upon them. The ownership of the cotton by the claimant, and his loyalty, are both very clearly and distinctly proved. On neither point do we entertain any doubt. That the proceeds of the cotton are in the Treasury the returns of the officers and agents of the government, in connection with the parol proof, very distinctly show.
The claim was preferred within the time limited in the act of March 12, 1863. This brings the case clearly within the provisions of the act conferring our jurisdiction in cases of this kind, and entitles the claimant to a return of the net proceeds of his property, amounting, as before stated, to the sum of one hundred and nine thousand seven hundred and seventy-one dollars and twenty cents, and for this amount judgment is rendered in his favor.